# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30902
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEROSUN BOATNER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-5-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derosun Boatner was convicted of one charge of possessing a firearm while subject to a domestic violence protective order. The district court imposed a within-guidelines sentence of 18 months in prison and a three-year term of supervised release. Special conditions of supervision included counseling and a one-year period in a community corrections facility immediately upon release from prison. In this appeal, Boatner argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of supervised release requiring him to spend one year in a community corrections facility is plainly erroneous because it does not meet the goal of hampering his liberty to the degree least necessary to promote the other aims of sentencing.

As Boatner concedes, review is for plain error only because he did not object to his sentence on this basis. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Review of the record in light of this standard shows no clear or obvious error. Rather, the disputed condition is neither unwarranted nor unduly restrictive in light of the sentencing goals of deterrence, protection of the public, and treatment. *See United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004).

AFFIRMED.